**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAYMOND FERGUSON, | |
| Plaintiff, | Civil Action No. 12-3018 (ES) |
| v. | OPINION |
| JOSEPH V. ISABELLA, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Plaintiff, Raymond Ferguson, incarcerated at the Bayside State Prison in Leesburg, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). This case was previously closed due to an insufficient IFP application (D.E. No. 2); Plaintiff has since filed an appropriate IFP package (D.E. Nos. 3, 5). Based on his affidavit of indigence, this Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of this Court to reopen this matter and file the Complaint.

This Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons

1

set forth below, this Court concludes that Plaintiff's Complaint must be dismissed for seeking relief from immune defendants.

## I. BACKGROUND

Plaintiff seeks to sue a state court judge, Defendant Judge Joseph V. Isabella, alleging that the judge imposed an excessive sentence. (D.E. No. 1, Complaint ("Compl.") ¶¶ 4b, 6). He also asserts claims against an Essex County Prosecutor, Defendant Christopher J. Ruzich, for the handling of Plaintiff's criminal trial. (*Id.* ¶¶ 4c, 6). Plaintiff states that the prosecutor prolonged trial dates, did not contact Plaintiff's witnesses, and did not appear with a "[n]o[n]-authorization statement." (*Id.*). Plaintiff asks for compensation for being illegally sentenced, asserting Section 1983 as his basis for jurisdiction. *(Id.* ¶¶ 1a, 7).

## II. DISCUSSION

### A. **Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district

2

courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e) and 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A).

liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused "by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**C. Judicial and Prosecutorial Immunity**

Plaintiff seeks to sue Judge Isabella, a New Jersey Superior Court Judge, and a prosecutor, Christopher J. Ruzich. {Compl. ¶ 4(b), (c).

4

First, as to Judge Isabella, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, *i. e.*, actions not taken in the judge's judicial capacity." *Id.* at 11-12. In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

5

Plaintiff alleges that the judge imposed an excessive sentence on him. (Compl. ¶ 4(b)). Based on these allegations, Judge Isabella has not taken action with regard to Plaintiff outside of his judicial capacity, nor did the Judge act without jurisdiction. As such, the complaint must be dismissed as to this defendant.

Second, with regard to Prosecutor Ruzich, in *Imbler v. Pachtman,* 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. *Id.* at 430-31, 443-44. Since *Imbler,* the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in Section 1983 actions in *LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012).

In this Complaint, the defendants are absolutely immune from claims for malicious prosecution. *See Rehberg v. Paulk,* 132 S. Ct. 1497, 1504 (2012); *Imbler,* 424 U.S. at 430-31. Plaintiff alleges that the prosecutor prolonged trial dates, failed to contact

Plaintiff's witnesses, and failed to appear with a "[n]o[n]-authorization statement." (Compl. ¶ 6). As this sort of alleged misconduct consists of acts taken in his role as advocate for the state, the Section 1983 damages claims against them will be dismissed on the ground of absolute immunity.

### D. Other Defendants

Although Plaintiff names additional defendants in his caption, he does not assert any claims against these defendants in the body of his complaint. Therefore, Essex County Correctional Facility, Central Reception & Assignment Facility, Bayside State Prison, and Court Clerk are hereby dismissed from this action with prejudice.[2]

---

[2] This Court notes that claims against the named facilities would not withstand *sua sponte* review, as these facilities are not "persons" acting under color of state law. *See Duran v. Merline*, No. 07-3589, 923 F. Supp. 2d 702, 713 n.4 (D.N.J. 2013) (dismissing claims against county jail at initial screening stage); *Parrish v. Aramark Foods, Inc.*, No. 11-5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012); *Grabow v. Southern State Correctional Fac.*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a person under § 1983). *See also Marsden v. Federal B.O.P.*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (a jail is not a "person" under § 1983).

**III. CONCLUSION**

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), for seeking relief from immune defendants. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
